UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

**********************************************************************************************

In re:

Travis L. Burg,                                                        JUDGMENT

      Debtor.

**********************************************

Erik A. Ahlgren, as chapter 7 trustee of
the bankruptcy estate of Travis L. Burg,
and Rachel and Tony Thoennes,

      Plaintiffs,                                          BKY No. 22-60172

v.
                                                                       ADV No. 24-06018
Travis L. Burg and Nicole A. Burg,

      Defendants.

**********************************************************************************************

     This proceeding came before the Court, and a decision or order for judgment was duly
rendered, the Honorable Michael E. Ridgway, United States Bankruptcy Judge, presiding.

     IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Clerk of the Bankruptcy Court shall enter final judgment in the amount of
$804,928.88 (the "Agreed Judgment") in favor of the Thoenneses and against the
Defendants.

2.    Defendants are jointly and severally liable for the Agreed Judgment.

3.    The Agreed Judgment shall accrue interest at 6.0% per annum from and after
February 15, 2025, until paid in full.

4.    The Agreed Judgment shall be non-dischargeable as to Defendant Nicole Burg under
11 U.S.C. § 523 and against the Debtor based on the Court's December 29, 2023
order denying the Debtor his discharge. (Adv. No. 22-06011, Doc. No. 62).

5.    The Agreed Judgment shall be reduced by: (i) any further distributions from the estate
to the Thoenneses, including from the sale of the Avon Property as described below;
and (ii) the prompt payment reductions set forth in the Settlement Agreement among
the parties. If any funds distributed to the Thoenneses by the estate become subject
to an order for disgorgement from this Court, the amount of disgorged funds will be
added back to the Agreed Judgment amount outstanding at such time.

6.    Defendants shall take commercially reasonable efforts to sell their home, located at
39089 Co. Rd. 3, Avon, MN 56310 (the "Avon Property"), and shall turnover the net
proceeds to the Trustee. The Defendants have until May 15, 2025, to solicit offers for

the Avon Property. Defendants shall give notice to the Trustee and the Thoennesses of all offers received for the Avon Property and shall not agree to any sale of the Avon Property without the consent of the Trustee and the Thoennesses, or further order from this Court. Any sale proposed by Defendants must close on or before June 30, 2025. If there are no offers to purchase the Avon Property by May 15, 2025, Defendants will vacate the Avon Property on or before June 30, 2025, and turn the property over to the Trustee for sale. Defendants shall insure the Avon Property and stay current on all mortgage payments through June 30, 2025. The Defendants also shall pay all property taxes, assessments, and utilities, as and when due, and agree to keep the premises clean and in good repair during their occupancy of the Avon Property.

7. Defendants have executed a deed in lieu of foreclosure transferring ownership in fee simple of the Avon Property to the estate (the "Avon Property Deed") as part of the Settlement Agreement. The Avon Property Deed shall be effective as of July 1, 2025, if the property is not otherwise sold before such date. The Avon Property Deed shall be held in escrow by the Trustee pending sale of the Avon Property.

8. Defendants shall pay the Agreed Judgment according to the terms of the Settlement Agreement reached among the parties. If Defendants default under the terms of the Settlement Agreement or this Agreed Judgment, the Thoennesses shall be entitled to all reasonable fees and costs in pursuing remedies against Defendants, including attorneys' fees and costs.

9. Pursuant to their Settlement Agreement, Defendants waive any right to claim any exemption under state or federal law on assets owned by them as to obligations owed to the Thoennesses arising out of the Settlement Agreement or this Agreed Judgment.

10. Any statutes of limitations governing claims, causes of action, charges, complaints, rights, demands, suits, liabilities, controversies, or similar assertions of any kind by Plaintiffs, together or individually, against any of Defendants are tolled through and until the final payment on the Agreed Judgment.

11. The Court retains subject matter and personal jurisdiction to hear and determine any further proceeding relating to sale of the Avon Property.

12. Upon entry of the Agreed Judgment, this adversary proceeding shall be closed.

Dated: _February 13, 2025_
At: Minneapolis, Minnesota.

Tricia Pepin
Clerk of Bankruptcy Court
By: /e/ Michael J. Stepan
Deputy Clerk

-2-